UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MATTHEW LEO JACKSON FAISON, JR.,

        Plaintiff,

v.                                    Case No.  2:24-cv-1017-JLB-KCD

JANET YELLEN, JOHN SMITH DOE, LISA TAYLOR, and LARRY BOKER MOE,

        Defendants.
_____/

## ORDER

Before the Court is Plaintiff Matthew Leo Jackson Faison, Jr.'s civil rights complaint.  (Doc. 1.)  As a prisoner, Plaintiff moves to proceed in forma pauperis.  (Doc. 2.)  Because the Court finds Plaintiff to be barred from doing so under 28 U.S.C. § 1915(g), it dismisses this action without prejudice.

Under section 1915(g), a prisoner cannot proceed in forma pauperis if he "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a [federal] court . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); see Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (2020) ("To help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." (citation omitted)).  And "[a] dismissal of a suit for failure to state a claim

counts as a strike, whether or not with prejudice." Lomax, 140 S. Ct. at 1727.

A search of the United State Court's Public Access to Court Electronic Records system reveals that the district courts in Florida have deemed Plaintiff a "three-striker" under 28 U.S.C. § 1915(g) on multiple occasions, including Faison v. United States, No. 1:23-cv-20781-KMM, ECF 4 (S.D. Fla. Mar. 6, 2023), Faison v. United States Attorney General, et al., No. 5:09-cv-404-RS/AK, ECF 9 (N.D. Fla. Mar. 9, 2010); Faison v. Office of Executive Clemency Board, No. 3:12-cv-319-J-37JBT, ECF 3 (M.D. Fla. Mar. 27, 2012); Faison v. Doe, No. 1:20-cv-20668-BB, ECF 7 (S.D. Fla. Feb. 20, 2000), and Faison v. State of Fla., No. 1:19-cv-25264-DPG, ECF 7 (S.D. Fla. Jan. 29, 2000).

Plaintiff alleges that section 1915(g)'s "imminent danger" exception applies here because he is "under imminent danger of serious physical injury of second-hand smoke or environmental tobacco smoke (ETS) that pose[s] an unreasonable risk of serious damage to [his] future health." (Doc. 1 at 3.)   However, he names only several Internal Revenue Service employees and the United States secretary of the treasury as defendants, and his allegations appear to be aimed solely at the United States' misguided monetary policies.  (Id. at 2–3, 4–5.)   In short, Plaintiff's allegations regarding his exposure to second-hand smoke are unrelated to the claims that make up the gravamen of his complaint and do not invoke an exception to section 1915(g).  See Daker v. Robinson, 802 F. App'x 513, 515 (11th Cir. 2020) (explaining that the allegations of imminent danger must be related to "the crux of the complaint") (citing Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009)

2

("[T]he statute requires that the prisoner's complaint seek to redress an imminent danger of serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint.")).

As Plaintiff has numerous qualifying "strikes" and did not sufficiently allege that he is under "imminent danger," he is barred from proceeding in forma pauperis. Thus, he should have paid the full filing fee at the time of initiating this action, but he did not do so. This warrants dismissal under section 1915(g). Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The prisoner cannot simply pay the filing fee after being denied in forma pauperis status. He must pay the filing fee at the time he initiates the suit."). If Plaintiff wishes to pursue his claim(s), he must file a new complaint—under a new case number—and pay the $405.00 filing fee.

Accordingly, it is **ORDERED:**

1. The complaint (Doc. 1) is **DISMISSED without prejudice** under 28 U.S.C. § 1915(g).

2. The Clerk is **DIRECTED** to enter judgment, deny as moot any pending motions, and close this file.

**DONE** and **ORDERED** in Fort Myers, Florida on November 20, 2024.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies:   Matthew Leo Jackson Faison, Jr.